[No. 10,211.]
## THE PEOPLE v. W. P. BULLARD.

CROSS-EXAMINATION OF WITNESS.—If, on an indictment for assault with intent to commit murder by shooting at the prosecutor, a witness for the prosecution testifies that he was near and saw the defendant shoot at the prosecutor, he may be asked, on cross-examination, for the purpose of testing his credibility, whether he did not soon after ask the prosecutor whether the defendant had shot at him.

APPEAL from the County Court, County of Tulare.

Indictment for assault with intent to commit murder, alleged to have been committed on the seventeenth day of July, 1875, by shooting at Andrew H. Foster. The prosecutor claimed a tract of railroad land and the defendant set up a claim to a portion of the same. The prosecutor was plowing, and the defendant was planting watermelon seeds on the same. The prosecutor came near the defendant and a discussion arose between them about the land. J. C. C. Foster, the brother of the prosecutor, came up while they were talking. The prosecutor and his brother were the witnesses for the people, and the defendant testified in his own behalf. The defendant claimed that the shot was accidental. The prosecutor testified that the defendant drew a revolver and threatened to shoot him, and that his brother came up and told him to leave and have no trouble; and that he then started to walk away, and, as he did so, looked back and saw the defendant fire at him, and the ball struck the ground near him, and that he then unhitched his team and rode away.

The brother's testimony was substantially the same. On his cross-examination the attorney for the defendant asked him the question contained in the opinion. On the objection of the District Attorney the court ruled out the question. The defendant was convicted and appealed.

*Haymond & Coggins*, for the appellant, cited *Harper* v. *Lamping*, 33-Cal. 647.

*Jo Hamilton, Attorney-General*, for the People.

By the COURT:

During the cross-examination of J. C. C. Foster, a brother of the person upon whom it is alleged that the felonious assault was committed, the following question was asked: "After your brother unhitched his team and was riding past where you were, did you not then ask your brother whether the defendant had shot at him or not?" and on the objection of the district attorney, the question was excluded. This ruling is erroneous. The witness had stated that he saw the defendant in the act of shooting at his (the witness) brother. Questions of the character of the one above quoted were both competent and material for the purpose of testing the credibility of the witness and the truth of his testimony.

Judgment reversed and cause remanded for a new trial.